UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-142-FDW

| | | |
|---|---|---|
| **DEREK SHANE GOODSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **EDWARD CABLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 10).

**I.  BACKGROUND**

Pro se Plaintiff Derek Shane Goodson is a North Carolina prisoner currently incarcerated at Central Prison in Raleigh, North Carolina.[1] Plaintiff filed this action on June 2, 2017, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Edward Cable, identified as a captain at the Graham County Detention Center at all relevant times; (2) "AJ LNU," identified as a corporal at the Graham County Detention Center at all relevant times; (3) Nathan Lewis, identified as a correctional officer at the Graham County Detention Center at all relevant times; and (4) Angie Birchfield, identified as a lieutenant at the Graham County Detention Center at all relevant times. Plaintiff alleges the following in the Complaint:

> Upon my getting arrested in August of 2015 Lt. Angie Birchfield advised
> the inmates in the jail of my charges. Once offered to pay them to hurt me

---

[1] The Court's docket states that this is where Plaintiff is incarcerated, but the Court notes that the North Carolina Department of Public Safety website has no information as to Plaintiff's current place of incarceration.

1

severely bad. Then when I asked for a grievance I was called into the Captain's Edward Cable office and told he would send me to the Central Prison in Raleigh NC and with my charges I would be killed.

And on several occasions when I have to use a catheter to go to restroom officer Nathan Lewis advised me that Captain Cable wanted me to know if they had to take me to doctor he said remember what he said would happen. On March 17, 2017, Captain Edward Cable called me in his office and had done so several months earlier, telling me drop him from the previous lawsuit, even stated if I did he would see that the courts gave me a good plea deal if I didn't he would make sure I got the max.

Back to March 17, 2017, at 13:35 pm Captain called me in his office told me to sit down and asked me if I was a fag and I told him I was bi-sexual. He called me a sick fucker told me I should be killed got in my face and threatened to throat punch me. It scared me so bad I urinated on myself. He laughed at me and said, "You probably would like to suck nothing other than dicks." He said he was going to make sure that the district attorney gave me the max time for my charges. And then he said he was going to move me to another jail in Transylvania County Detention Center 3 hours away so my lawyer couldn't come see me and it would make it hard for me to fight or have to any help with my lawyer.

And then upon me arriving here at this jail they put me on 23-hour lockdown and even the Nurse Bruce called the Captain and told him that I was having a lot of blood in my urine as well as having to use a catheter to go to the bathroom and nurse advise[d] Captain Cable that the PA wanted me to see a urologist and Captain Cable advise[d] him to remind me that he would send me to Central Prison and remember what he said would happen to me.

This is cruel and unusual punishment and is a deliberate indifference and among a bunch of other violations.

See (Doc. No. 1 at 3-5). Plaintiff seeks damages and injunctive relief for the "mental anguish" suffered by Plaintiff. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

2

### III. DISCUSSION

The Court will dismiss this action. In its current form, the Complaint does not state a cognizable claim of a violation of any federal or constitutional right. At most, Plaintiff alleges that, at various times, Defendants made certain threats against him, causing him mental anguish. These allegations, without more, simply do not rise to the level of a violation of a constitutional right under Section 1983. The Court certainly does not condone and, indeed, strongly condemns the alleged threats made by Defendants against Plaintiff. However, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Furthermore, the Complaint, again in its current form, does not allege sufficient facts to support a claim for deliberate indifference to serious medical needs against any of the Defendants. At most, Plaintiff alleges that a nurse told Defendant Cable that a doctor wanted Plaintiff to be seen by a urologist, and Cable responded by threatening to send Plaintiff to Central Prison. Plaintiff does not allege that Cable denied him treatment of a serious medical need, or that he was injured as a result of Cable's alleged conduct.

The Court further notes that, at least as to Defendant "AJ LNU," the Complaint alleges no facts whatsoever as to this Defendant. A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (emphasizing that a plaintiff must plead that each "defendant, through the official's own actions, has violated the Constitution"); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (stating that, in Section 1983 actions, "liability is personal, based upon each defendant's own constitutional violations"). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. Faltas v. South Carolina, Case No.

3

3:11-3077-TLW-SVH, 2012 WL 988105, at *4 (D.S.C. Jan. 27, 2012), adopted by 2012 WL 988083 (D.S.C. Mar. 22, 2012), aff'd, 489 Fed. Appx. 720 (4th Cir. Nov. 26, 2012).

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action. The action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge